IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LONNIE BUTTS, | : | |
| Petitioner, | : | |
| VS. | : | **1: 12-CV-177 (WLS)** |
| JOSE MORALES, WARDEN, | : | |
| Respondent. | : | |

## RECOMMENDATION

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Crisp County convictions for riot in a penal institution, felony obstruction of an officer, and four counts of misdemeanor obstruction of an officer.  (Docs. 1, 14-3, p. 15). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to a total of twenty-three years to be served consecutively to any other sentence he was currently serving. (Doc. 14-3, p. 15).   Petitioner's convictions were affirmed on direct appeal.  (Doc. 14-3, p. 88).

Petitioner executed a state habeas petition on July 14, 2010 in the Superior Court of Johnson County.  (Doc. 14-1).  The state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on November 5, 2012. (Docs. 14-7; 14-8).   Petitioner executed this federal habeas petition on November 19, 2012.   (Doc. 1).

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.  "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

2

court proceeding." 28 U.S.C. § 2254(d).   In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### **Petitioner's Habeas Claims**

In his Petition for federal habeas relief, Petitioner appears to set forth the following grounds for relief: 1) counsel was ineffective for allowing Petitioner to be tried on an accusation, not an indictment; 2) counsel was ineffective for failing to provide Petitioner with a list of witnesses or evidence to support the charge of riot in a penal institute, and no arrest warrants were given to Petitioner to support the accusation of riot in a penal institution; 3) counsel was ineffective for failing to move for a change of venue because there were law enforcement officers in the jury pool; 4) Petitioner was subjected to false arrest and false imprisonment; 5-7) Petitioner was subjected to double jeopardy because he was mentally ill; 8) Petitioner was tried on an indictment without sufficient evidence; and 9) counsel was ineffective when he failed to object to the prosecution using convictions that were over ten years old to seek recidivist punishment, failed to show Petitioner the "notice of recidivist", failed to offer Petitioner a plea deal, and made Petitioner take the witness stand.   (Doc. 1-1).[1]

*Procedurally defaulted grounds*

Initially, Respondent asserts that several grounds are procedurally defaulted. (Doc. 13-1).

---

[1] Petitioner's Amended Petition alleges the same nine grounds for relief as stated in his original Petition. (Doc. 11).

*Grounds 2, 4, 5, 6, and 7*

In part of Ground 2, Petitioner alleges that he was not given warrants or incident reports to support the accusation of riot in a penal institution. (Doc. 1-1). Petitioner alleges, in Ground 4, that he was subjected to false arrest and false imprisonment. In Grounds 5, 6, and 7, Petitioner alleges that his rights relative to double jeopardy were violated because of his mental illness. These grounds were raised in Petitioner=s state habeas proceedings. The state habeas court determined that the grounds were procedurally defaulted, because Petitioner failed to raise these grounds on direct appeal. (Doc. 14-7).

Petitioner must raise all claims at trial and on appeal to avoid procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991). Relying on *Black v. Hardin*, 255 Ga. 239 (1985), the state habeas court found that these grounds had not been timely raised on direct appeal, and thus the court concluded that Petitioner procedurally defaulted these grounds. (Doc. 14-7).

O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

Further, the Supreme Court held in *Coleman*, 501 U.S. at 750:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

4

claims will result in a fundamental miscarriage of justice.

A state prisoner may not obtain federal habeas relief on a ground that the state courts refused to consider due to his failure to timely raise the ground at trial and on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the ground. *Coleman*, 501 U.S. at 724; *Wainwright v. Sykes*, 433 U.S. 72 (1977). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 495 (quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)). The U.S. Supreme Court made clear that both cause and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Id*. Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

The state habeas court determined that Ground 2, in part, and Grounds 4, 5, 6, and 7 were procedurally defaulted because Petitioner had failed to raise the grounds at trial and on appeal. In an attempt to overcome the procedural bar, Petitioner asserts, for the first time in his federal

5

Petition, that counsel was ineffective for failing to raise the barred grounds on appeal. (Doc. 1-1). Petitioner appears to maintain that, because counsel failed to raise these grounds on appeal, Petitioner has shown cause to overcome the procedural bar. "If an ineffective assistance of counsel claim is itself procedurally defaulted, the [ineffective assistance of counsel] claim cannot be offered as cause for the procedural default of another claim *unless* the defaulted [ineffective assistance of counsel] claim also is excused by a showing of cause and prejudice." *Hamm v. Allen*, 2013 WL 1282129, *15 (N.D. Ala., March 27, 2013) (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000)). Petitioner did not raise these ineffective assistance claims in his state habeas petition, and would be barred from doing so in a second state habeas petition under the Georgia successive petition rule. *See* O.C.G.A. § 9-14-51. These claims are procedurally defaulted, and Petitioner has not made a showing to overcome the default. Thus, these ineffective assistance of counsel claims fail to excuse the default of the underlying grounds.

Petitioner has not established cause or prejudice in order to excuse the procedural default of Ground 2, in part, and Grounds 4, 5, 6, and 7. Further, Petitioner has not shown that he was "actually innocent," which is necessary to show a fundamental miscarriage of justice if his federal claims are not considered. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show "actual innocence" to meet the "fundamental miscarriage of justice exception"). Accordingly, this Court must defer to the state court's findings of procedural default. *Coleman*, 501 U.S. at 750; *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

The state habeas court found that Petitioner procedurally defaulted Ground 2, in part, and Grounds 4, 5, 6, and 7 because he failed to raise the claims on appeal. That court also determined that Petitioner failed to demonstrate the necessary cause and prejudice sufficient to

6

overcome the procedural default. (Doc. 14-7). As Petitioner provides no evidence demonstrating cause and prejudice, this Court, deferring to the state court's decision, finds that Ground 2, in part, and Grounds 4, 5, 6, and 7 are procedurally defaulted. Thus, Petitioner is not entitled to habeas relief on these grounds.

*Grounds 8 and 9*

In Ground 8, Petitioner alleges that he was tried on an indictment without sufficient evidence. (Doc. 1-1). In Ground 9, Petitioner maintains that his counsel was ineffective for making Petitioner take the witness stand, for failing to object to the government using convictions that were over ten years old, for never showing Petitioner the "notice of recidivist", and for failing to offer Petitioner a plea deal. Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition under Georgia's successive petition rule[2]. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

Petitioner did not raise the issues presented in Grounds 8 or 9 in the state proceedings

---

[2] While Petitioner alleged similar factual grounds in his state habeas petition, Grounds 8 and 9 of his federal Petition allege different legal theories than his state habeas grounds. As he is alleging different legal theories, he did not present these two grounds in his state habeas petition. *See Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981) (State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory."); *see also Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).

below.  (*See* Doc. 14-1).  Further, Petitioner has not provided a reason for his failure to raise these grounds in his state habeas petition.  Petitioner would not now be allowed to bring a second, or successive, state habeas petition asserting these two grounds.  As these grounds would be procedurally barred if Petitioner now attempted to raise them at the state level, these grounds are procedurally barred at the federal level.  *See Snowden*, 135 F.3d at 736 ("when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless 'judicial ping-pong' and just treat those claims as now barred by state law as no basis for federal habeas relief").

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman*, 501 U.S. at 724.  Petitioner has not established cause and actual prejudice to excuse the procedural default of these grounds, nor has he established a fundamental miscarriage of justice if these grounds are not heard.  Accordingly, the allegations contained in Grounds 8 and 9 will not support the granting of habeas relief.

*Lack of merit*

In Grounds 1, 2, and 3, Petitioner alleges that his counsel was ineffective.  The state habeas court made findings of fact regarding each claim of ineffective assistance of counsel after conducting an evidentiary hearing.  The state habeas court found the following relevant facts:

> Petitioner was represented at the trial and appellate levels by Timothy Eidson.  Counsel was admitted to the Bar in Georgia in 1987.  He served as the Chief Assistant District Attorney in the

> Alapaha Judicial Circuit for approximately thirteen (13) years. He served as a public defender in the Tifton Judicial Circuit for approximately three (3) years. He joined Cordele Judicial Circuit Public Defender's Office in 2006 and has been the Circuit Public Defender since 2007.

(Doc. 14-7, p. 5) (internal citations omitted).

Petitioner alleges in Ground 1 that he received ineffective assistance of counsel because his attorney waived his right to a grand jury indictment, and proceeded to trial on an accusation. The state habeas court found that

> [c]ounsel testified at the evidentiary hearing that Petitioner was originally indicted in connection with this indictment, but the prosecutor felt that some of the dates in the indictment were incorrect. He testified that the prosecutor asked him if Petitioner would be willing to proceed under an accusation instead of having to wait two to three more months for another indictment to be returned. He testified that Petitioner was ready to proceed with a jury trial and thus agreed to be tried under an accusation instead of waiting for a new indictment. . . . Petitioner has failed to show that counsel's performance was deficient or that he was prejudiced by it. The record shows that Petitioner made the decision to proceed to trial under an accusation instead of an indictment because he did not want to wait several more months for a new indictment to be returned.

(*Id.* at pp. 5-6) (internal citations omitted).

In a portion of Ground 2, Petitioner alleges that counsel was ineffective for failing to provide Petitioner with a list of witnesses or evidence to support the charge of riot in a penal institute. In regard to Ground 2, the state habeas court found that

> [c]ounsel testified that he was "very aware" of the State's evidence against Petitioner and that he discussed what the evidence was going to show with Petitioner. . . . Petitioner has failed to show that counsel's performance was deficient or that he was prejudiced by it. Counsel testified that he discussed the evidence with Petitioner. Petitioner has failed to offer any evidence of statements which

9

>counsel failed to show him.

(*Id.* at pp. 6-7) (internal citations omitted).

Petitioner alleges in Ground 3 that counsel was ineffective for failing to move for a change of venue because there were law enforcement officers in the jury pool. The state habeas court found the following in regard to Ground 3:

>Counsel testified that there was absolutely no basis on which to seek a change of venue. He testified that Petitioner's case did not receive media coverage such as would warrant seeking a change of venue. He testified that the mere fact that the victims were law enforcement officers did not automatically entitle Petitioner to a change of venue. . . . Petitioner has failed to show that counsel's performance was deficient or that he was prejudiced by it. The record shows that counsel did not see any basis for seeking a change of venue and Petitioner has failed to offer any evidence to indicate that there may have been a valid basis upon which to seek a change of venue.

(*Id.* at p. 8) (internal citations omitted).

The state habeas corpus court applied the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegations of ineffective assistance of counsel.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland*, 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot

be trusted.  *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690.  The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).  Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance.  *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.

In his Petition and Amended Petition, Petitioner only provided an explanation of these grounds, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Docs. 1-1, 11).  The state court's analysis regarding counsel's alleged ineffective assistance reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law.  Thus, this Court is prohibited from issuing habeas relief on the basis of Grounds 1, 2, in part, and 3.  28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Conclusion*

As none of the grounds raised by Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may

serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 9th day of September, 2013.

> s/ *THOMAS Q. LANGSTAFF*
> **UNITED STATES MAGISTRATE JUDGE**