**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| LONNIE BUTTS, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:12-CV-177 (WLS) |
| JOSE MORALES, Warden, | : |
| Respondent. | : |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed September 9, 2013. (Doc. 15.) Judge Langstaff recommends that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied as to all grounds and that Petitioner be denied a certificate of appealability. The Petition (and Amended Petition) alleges the following grounds for relief: 1) counsel was ineffective for allowing Petitioner to be tried on an accusation, not an indictment; 2) counsel was ineffective for failing to provide Petitioner with a list of witnesses or evidence to support the charge of riot in a penal institute, and no arrest warrants were given to Petitioner to support the accusation of riot in a penal institution; 3) counsel was ineffective for failing to move for a change of venue because there were law enforcement officers in the jury pool; 4) Petitioner was subjected to false arrest and false imprisonment; 5-7) Petitioner was subjected to double jeopardy because he was mentally ill; 8) Petitioner was tried on an indictment without sufficient evidence; and 9) counsel was ineffective when he failed to object to the prosecution using convictions that were over ten years old to seek recidivist punishment, failed to show Petitioner the

1

"notice of recidivist," failed to offer Petitioner a plea deal, and made Petitioner take the witness stand. (Doc. 1-1.)

In his Recommendation, Judge Langstaff concluded that Petitioner is not entitled to habeas relief as to a portion of Ground 2 and Grounds 4, 5, 6, 7 because these claims are procedurally defaulted and Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims. Similarly, Judge Langstaff found that Grounds 8 and 9 were also procedurally defaulted because Petitioner failed to raise them in his state habeas petition. Because Petitioner has neither established cause and actual prejudice to excuse the procedural default of these claims, nor established a fundamental miscarriage of justice if his claims are not heard, these claims do not entitle Petitioner to habeas relief either. As to Grounds 1, 2, 3, ruling on the merits of these claims, Judge Langstaff concluded that Petitioner failed to show that the state-court's ineffective-assistance-of-counsel analysis under *Strickland v. Washington*, 466 U.S. 668 (1984), was contrary to, or an unreasonable application of, clearly established federal law, thereby foreclosing the Court from granting habeas relief as to these claims. Thus, in view of the aforementioned findings, Judge Langstaff recommends denying Petitioner's habeas petition on the basis that none of the grounds raised therein support a grant of federal habeas relief. Finally, Judge Langstaff recommends that Petitioner be denied a certificate of appealability.

On October 22, 2013, following an extension, Petitioner timely filed his Objection to Judge Langstaff's Recommendation. (Doc. 18.) Therein, Petitioner raises only one objection and that is to Judge Langstaff's reliance, as part of the analysis of Ground 1 of the Petition, on an excerpt from the state habeas court's opinion that concluded that Petitioner's trial counsel was not deficient for allowing Petitioner to proceed on an

accusation rather than an indictment because "[t]he record shows that Petitioner made the decision to proceed to trial under an accusation instead of an indictment because he did not want to wait several more months for a new indictment to be returned." (Doc. 18-2 at 2.) Petitioner states that he "strongly object[s] to this unsupported portion of the United States Magistrate Judge's denial." (*Id.* at 2.) According to Petitioner, it is an improper statement that he freely and voluntarily waived his rights to be tried under a criminal indictment, and even if he did, he could not, under Georgia law, confer subject-matter jurisdiction on the superior court through his consent. (*Id.* at 4.)

After reviewing Petitioner's Objection and the record, the Court finds that Petitioner's objection should be overruled. Judge Langstaff found that Ground 1 did not entitle Petitioner to habeas relief because Petitioner failed to show that the state court's adjudication of his ineffective-assistance-of-counsel claim as to the indictment/accusation issue was contrary to, or involved an unreasonable application of, clearly established federal law. In response to this finding, Petitioner argues that the state court's conclusions were factually incorrect because he did not consent to being tried under an accusation.

First, Petitioner's statement that he did not consent to being tried under the accusation, without more, is insufficient to set aside the state court's factual finding that he (Petitioner) made the decision to proceed in this manner. Under section 2254(e)(1), "[a] state court's factual determinations are presumed correct and the petitioner can rebut this presumption only with clear and convincing evidence that the state court's factual determinations were erroneous." *Windom v. Sec'y, Dept. of Corrections*, 578 F.3d 1227, 1248 (11th Cir. 2009)); *see also Goldbold v. Owens*, No. CV 109-121, 2010 WL 5376302, at *3 (S.D. Ga. Nov. 10, 2010) ("The AEDPA sets a highly deferential

3

standard of review for state court factual determinations [and therefore] 'requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (quoting 28 U.S.C. § 2254(e)(1))). Petitioner has provided no evidence to rebut the conclusion that he voluntarily decided to proceed to trial under the accusation. As such, the Court presumes that the state court's finding was correct in this regard.[1]

Additionally, and very importantly, Petitioner failed to even address the fact that the state court also concluded that he failed to show that he was prejudiced by the decision to proceed under an accusation rather than waiting for a new indictment. Since *Strickland* involves a two-part test for assessing an ineffective-assistance-of-counsel claim—deficient performance *and* prejudice—by failing to even address the state court's prejudice finding, Petitioner has fallen very short of showing that the state court's adjudication of this claim triggers section 2254(d)(1)'s "unreasonable application" clause.

This Court has fully reviewed and considered the record. Having overruled Petitioner's one objection to the Magistrate's September 9, 2013 Recommendation, and Plaintiff having failed to object to all of Judge Langstaff's other conclusions, the Court finds that said Report and Recommendation (Doc. 15) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings

---

[1] And as to Petitioner's statement that Georgia law did not allow him to confer jurisdiction on the superior court by consent, in his state habeas petition, Petitioner argued only that his counsel was ineffective for waiving his right to a grand jury indictment. Petitioner did not argue that the accusation under which he was charged failed to invoke the trial court's jurisdiction. Because this particular manner of arguing that his counsel was ineffective is a new legal theory that materially alters the substance of Petitioner's claim, this argument is inexcusably procedurally defaulted. *See Kelley v. Sec'y for Dept. of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief.")

made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. The Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

    **SO ORDERED**, this   20th   day of November 2013.

                                       /s/ W. Louis Sands
                                       **W. LOUIS SANDS, UNITED STATES DISTRICT COURT**